John Lawrence MAXCEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00305–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 1999.

J. Gary Trichter, Michael B. Charlton, Houston, for appellants.

William J. Delmore, III, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

WANDA MCKEE FOWLER, Justice.

John Lawrence Maxcey was found guilty of driving while intoxicated and sentenced to a year's probation and a fine. We affirm.

### I. Facts

Maxcey argued that his arrest was without probable cause and asked the trial court to suppress evidence obtained as a result of his allegedly illegal arrest. The trial court heard his suppression motion on stipulated facts.

The State and the defense stipulated that Maxcey was arrested for driving while intoxicated at 2:03 a.m. November 17, 1996, by Harris County Deputy Constable Hastings near Nasa Road 1 and Space Center Boulevard. The deputy constable was dispatched to the scene of an accident at 1:48 a.m. After witnesses identified Maxcey as one of the drivers, Hastings detained Maxcey for an accident investigation. An off-duty Seabrook police officer told Hastings that before the accident, Maxcey had been traveling east at a "high rate of speed" about 1½ miles west of the location. The officer told Hastings that Maxcey failed to control his speed at the intersection and struck the rear of Sonya Hickman's stationary vehicle.

During the accident investigation, Hastings began a DWI investigation. He arrested Maxcey after hearing the details of his driving, noticing a strong odor of an alcoholic beverage, hearing Maxcey's statements about drinking, and noticing Maxcey's manner of speech and the condition of his eyes. Hastings also said that Maxcey failed field sobriety tests. Hastings took Maxcey to the Clear Lake Police substation for further investigation, including blood alcohol testing and videotaping.

The trial court granted Maxcey's motion to suppress the videotape due to the appellant's request for counsel, but denied the other relief sought. Maxcey then pleaded no contest, and, pursuant to a plea agreement, was sentenced to 180 days in jail, probated for a year, and ordered to pay a $500 fine.

### II. Discussion

#### A. Conclusory Stipulations

■ In his first three points of error, Maxcey complains that the stipulated facts on which the trial court heard the suppression motion are too conclusory to establish probable cause under the federal and state constitutions and under Chapter 14 of the Code of Criminal Procedure, dealing with warrantless arrests. TEX.CODE CRIM. PROC. ANN. arts. 14.01–.06 (Vernon 1977 & Supp. 1999). As the discussion below shows, however, the objection Maxcey makes on appeal is not the one he made at trial.

On appeal, Maxcey complains that the stipulations are too conclusory in that they failed to establish the following:

— How Hastings learned of the accident and whether he had a reasonable basis for being at the scene;

-Whether the witnesses who identified Maxcey as the driver of a car involved in an accident were credible or reliable, and how they came by their information;

— Whether Hastings had a reasonable basis for temporarily detaining Maxcey;

— Whether Hastings' reliance upon the Seabrook officer's information was reasonable given that the State failed to

establish how the Seabrook officer came by his information;

— Whether Hastings had a reasonable basis to seize Maxcey and to conduct a DWI investigation;

— Whether Hastings had a reasonable basis for arresting Maxcey where the stipulations failed to demonstrate the facts underlying Hastings' conclusions about Maxcey's driving, the strong odor of alcohol, and Maxcey's drinking statements, and whether Maxcey's driving was in such reasonable temporal proximity to the intoxicated condition to justify a conclusion of DWI; and

— Whether Hastings had the requisite training or experience to determine whether Maxcey was intoxicated.

At trial, Maxcey filed an omnibus Motion to Suppress in which he argued only that his seizure was pretextual and made without reasonable suspicion or probable cause and that the deputy constable gathered evidence without probable cause. He also filed a motion to declare section 724.061 of the state Transportation Code unconstitutional and to prevent the prosecutors from offering evidence of his refusal to take a breath test. TEX. TRANSP. CODE ANN. § 724.061 (Vernon Pamph.1999).

At the motion hearing, Maxcey's attorney said:

Judge, we have actually two motions before you. One is called a Motion to Declare Section 724.0612 of the Texas Transportation Code Unconstitutional as it's applied in this case and to suppress and preclude the State from offering any breath test refusal evidence absent showing the proper predicate. We also have a memorandum that goes with a two-tier motion. We also have a motion to suppression [sic] which is entitled just Motion to Suppress.

. . . .

As to the other motions, Your Honor, we are asking—these are the motions to suppress, both of them—that the Court deny any evidence of refusal, that is, any physical acts of themselves or the documents themselves because there was no deemed consent in this case, because the State can't show that predicate. I know you have denied the motion to declare the statute unconstitutional, but the counterpart of that is a Motion to Suppress too, because the State can't meet a predicate.

So because there is no compliance with the deemed consent statute, and because all of our motions are premised upon article 38.23 of the Code of Criminal Procedure [1], [sic] ask the Court to go ahead and suppress any refusal evidence as to other grounds -

. . . .

Move also to suppress any derivative evidence of those violations and just so that I cross all my T's and dot all my I's, I would like the Court in terms of the video tape, which the Court has viewed today in the presence of both the defense and the State, to suppress the audio portion of the video tape that is State's 1 because there is a counsel request by Mr. Maxcey.

I would also like the Court to instruct the officers that they are not to make reference to the fact that he invoked his right to any attorney.

We based these on case law dealing with Miranda [2], with article 38.22,[3] and I think that his right to counsel was violated, his Miranda rights were violated, 38.22 rights were violated. And we'd like the Court to go ahead and suppress that and any derivative evidence therefrom and to overrule the motions as a whole—actually to rule on the motions as a whole and to grant him relief as to

1.  TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp.1999) (Evidence not to be used).

2.  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3.  TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp.1999) (When statements may be used).

whether or not there was probable cause as to whether or not his right to counsel was violated, as to whether or not there was proper deemed consent in this case.

Nowhere does Maxcey claim the stipulated evidence was conclusory.

█ To preserve a complaint for appeal, a party must make the trial court aware of the complaint. To accomplish this, the party must show that he timely complained to the trial court and stated with sufficient specificity the grounds for his motion. *See* TEX.R.APP. P. 33.1(a)(1)(A); *Bell v. State*, 938 S.W.2d 35, 54–55 (Tex. Crim.App.1996) (objection stating one legal basis may not be used to support a different legal theory on appeal), *cert. denied,* —— U.S. ——, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997); *Moore v. State*, 981 S.W.2d 701, 705 (Tex.App.-Houston [1 st Dist.] 1998, pet. filed); *Macias v. State*, 959 S.W.2d 332, 338 (Tex.App.-Houston [14 th Dist.] 1997, pet. ref'd). Here, Maxcey did not raise the issue of the conclusory nature of the stipulated evidence in the trial court. He raises this issue for the first time on appeal. The trial court never had the opportunity to consider this question. Therefore, Maxcey failed to preserve his complaint for appeal. *See* Rule 33.1(a)(1)(A); *Moore v. State*, 981 S.W.2d at 705.

## B. Existence of Probable Cause

█ Although Maxcey did not object in the trial court that the evidence was conclusory, he did complain that he was arrested without probable cause or reasonable suspicion and that the deputy constable gathered evidence without probable cause. We will construe this contention as a complaint that the evidence, as a matter of law, will not support a probable-cause finding.

█ We do not disturb a trial court's ruling on a motion to suppress unless the trial court abused its discretion. *See Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim.App.1985). In reaching our decision, we afford almost total deference to the trial court's determination of the historical facts that the record supports, especially when that court's fact findings are based on an evaluation of witness credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Where the probable cause issue does not turn on witness credibility, we review the trial court's decision de novo. *See id.* at 88. A trial court, as trier of fact, may draw reasonable deductions and inferences from the stipulations. *See Yorko v. State*, 699 S.W.2d 224, 226 (Tex.Crim.App.1985). Here, the parties stipulated to the historical facts. We will, therefore, review the trial court's decision de novo, allowing for reasonable deductions and inferences from the stipulations.

We have detailed above the deficiencies Maxcey alleges. The evidence supports a probable cause finding.

As a law enforcement officer, Hastings had the authority to investigate a car accident. *See* TEX. TRANSP. CODE ANN. § 545.351(b)(2) (Vernon Pamph.1999) (operator shall control vehicle speed as needed to avoid colliding with another vehicle). During his investigation, Hastings gathered information leading him to believe that Maxcey had been drinking. This additional information justified further investigation. *See Mohmed v. State*, 977 S.W.2d 624, 628 (Tex.App.-Fort Worth 1998, pet. ref'd) (odor of marihuana emanating from car driven by defendant is sufficient to support reasonable suspicion to detain defendant); *State v. Brabson*, 899 S.W.2d 741, 747 (Tex.App.-Dallas 1995) (excessive horn honking and strong odor of alcohol justified intoxication investigation), *aff'd,* 976 S.W.2d 182 (Tex.Crim.App.1998). Hastings went to the accident to investigate its cause. Witnesses at the scene identified Maxcey as a driver involved in the wreck. As he investigated further, Hastings smelled alcohol on Maxcey. Additionally, Maxcey's speech and the appearance of his eyes made Hastings suspicious that Maxcey had been drinking.

Hastings decided to administer field sobriety tests to Maxcey. Maxcey failed them.

The record supports the trial court's finding that the officer had probable cause to gather information in connection with a DWI investigation and to arrest Maxcey. Therefore, we overrule Maxcey's first three points of error.

### C. Constitutionality of Transportation Code

In his fourth point of error, Maxcey complains· that the trial court erred in failing to find section 724.061 of the state Transportation Code unconstitutional. Tex. Transp. Code Ann. § 724.061 (Vernon Pamph.1999). He argues that the statute violates federal due process in that (1) it does not require a proper relevance predicate before introduction and (2) it is impermissibly vague.

The First Court of Appeals has dealt with these exact issues in *Moore v. State*, 981 S.W.2d at 707–09. We approve of that court's reasoning and adopt its conclusions with respect to these issues. Accordingly, we overrule Maxcey's fourth point of error.

### D. Warning

■ In Maxcey's fifth point of error, he complains that police gave him an incorrect warning on the consequences of refusal. Police told Maxcey that if he took the test and the test revealed a blood-alcohol content of 0.10 percent or greater, Maxcey's license would be suspended for sixty days. Maxcey argues that section 724.015(3) of the Transportation Code and section 49.04 of the Penal Code, read together, say that a driver's license will be suspended only if the State demonstrates that the driver had a blood alcohol content of 0.10 percent or greater while driving, rather than at the time of the test. Tex. Pen.Code Ann. § 49.04 (Vernon 1994); Tex. Transp. Code Ann. § 724.015(3) (Vernon Pamph.1999). According to Maxcey, the warning was incorrect. Therefore, he argues, his refusal was not voluntary.

Once again, Maxcey did not articulate this complaint to the trial judge. In his Motion to Suppress, Maxcey complained merely that he did not receive the required statutory warning about his refusal to submit to a test. *See* Tex. Transp. Code Ann. § 724.015 (Vernon Pamph.1999). Only on appeal does Maxcey complain about the difference between the warning he purportedly received and the Penal Code requirements. The trial court never had a chance to address his argument. Maxcey has failed to preserve his complaint for appellate review by raising this issue with the trial court, and, therefore, we need not address it. *See* Rule 33.1(a)(1)(A); *Little v. State*, 758 S.W.2d 551, 564 (Tex.Crim. App.1988). We overrule his fifth point of error.

### E. Videotaped Suppression

In his sixth point of error, Maxcey complains that the trial court erred by failing to suppress his invocation of the right to counsel. The record does not support Maxcey's argument. The trial court suppressed the entire video tape, both audio and video portions. We overrule Maxcey's sixth point of error.

### III. Conclusion

Having overruled Maxcey's six points of error, we affirm the trial court's judgment.