# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00712-CR

**Alejandro Ramirez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR99-021, HONORABLE DON B. MORGAN, JUDGE PRESIDING

Alejandro Ramirez appeals from his conviction for possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04 (West 1994). Before a trial on the merits, Ramirez filed a motion to suppress statements he allegedly made on the night of the offense. In a single point of error, Ramirez argues that the trial court erred in admitting his confession by failing to determine if the police officers scrupulously honored his right to remain silent as required by *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). We overrule the point of error and affirm the trial court's judgment.

## FACTUAL BACKGROUND

On August 8, 1998, Southwest Texas State University Police Officer David Campbell stopped a vehicle for failing to stop at a blinking red light. Ramirez was a passenger in the front seat. As he spoke with the driver, Campbell noticed two unopened bottles of beer between the two rear passengers and asked whether any of the occupants were twenty-one. When Ramirez answered that he was, Campbell walked to the passenger side and asked Ramirez to step out of the vehicle and

show some identification. After Ramirez gave Campbell a prison identification card and got out of the car, Campbell looked through the open door and saw a gun in plain view on the floorboard of Ramirez's seat.

Campbell testified that to secure the situation, he drew his service revolver, pointed it at Ramirez and the other occupants, and instructed them not to move. Campbell and a second officer handcuffed Ramirez and the other three individuals, read them their *Miranda* rights, and began to question them regarding ownership of the gun. Initially, they all denied owning the gun, but at the urging of the others Ramirez admitted that the gun was his. Campbell then arrested Ramirez. As the sole witness at the hearing on the motion to suppress, Campbell testified that Ramirez never invoked his right to silence. Ramirez did not offer controverting evidence at the hearing but did at the trial on the merits.

In an indictment filed on January 6, 1999, Ramirez was charged with the offense of intentional and knowing possession of a firearm before his five-year anniversary of release from community supervision following the conviction of a felony. *See* Tex. Penal Code Ann. § 46.04. Ramirez filed a motion to suppress oral statements before trial, alleging that any statements were (1) products of a custodial interrogation, and (2) involuntarily made after he had asserted the right to silence, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Texas Constitution. *See* U.S. Const. amends. V, VI, XIV; Tex. Const. art. I, § 10. The trial court held a hearing before the trial and denied the motion to suppress. Ramirez appeals that ruling.

In his sole point of error, Ramirez argues that the trial court erred by failing to hold a *Mosley* hearing regarding the motion to suppress. *See Michigan v. Mosley*, 423 U.S. 96, 104

2

(1975) (reviewing all of the facts and circumstances to determine whether the suspect's assertion of the right to silence was respected by law enforcement officers); *Maestas v. State*, 987 S.W.2d 59, 62 (Tex. Crim. App.), *cert. denied*, 528 U.S. 834 (1999) (stating that *Mosley* requires courts to examine the facts on a case-by-case basis to determine whether the police officer honored the suspect's right to terminate questioning).

## STANDARD OF REVIEW

The appropriate standard for reviewing a trial court's ruling on a motion to suppress evidence has recently been clarified: as a general rule, appellate courts should give almost total deference to the trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on evaluations of credibility and demeanor. *Hollingsworth v. State*, 15 S.W.3d 586, 591 (Tex. App.—Austin 2000, no pet.). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony. *McGee v. State*, 23 S.W.3d 156, 161 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The trial judge may choose to believe or disbelieve any or all of a witness's testimony. *Id.*

In the instant case, Campbell was the sole witness at the hearing on the motion to suppress. Ramirez presented no evidence, although in closing he argued that the questioning constituted a custodial interrogation. Thus, Campbell's testimony regarding the facts that led to Ramirez's admissions and arrest was uncontroverted. Because the dispositive facts were uncontroverted and there is no indication that the trial court did not believe Campbell's testimony, this case presents an issue of the proper application of law to the facts, which is to be reviewed *de*

3

*novo. State v. Ross*, 32 S.W.3d 853, 858 (Tex. Crim. App. 2000). We therefore review the trial court's decision to apply the law to the undisputed facts under a *de novo* standard.

**DISCUSSION**

Ramirez contends that the trial court erred because it failed to analyze the circumstances that led to his admissions in the context of factors deemed relevant in *Mosley*.[1] *See Mosley*, 423 U.S. at 104-05. In that case, Mosley was arrested on charges of robbery[2] and brought to the police department where he was advised of his *Miranda* rights. A police detective began questioning him regarding a robbery but stopped when Mosley refused to respond. Later in the day, another detective questioned him about a homicide after explaining his *Miranda* rights. During this questioning, Mosley incriminated himself in the murder.

At issue before the Supreme Court was whether the later questioning of Mosley, which occurred after he had invoked his right to silence at the first interrogation, rendered the statement inadmissible under *Miranda*. The Court concluded that admissibility turns on whether, once a suspect in custody indicates his right to remain silent, the police "scrupulously honor" his right to terminate the interrogation. *Id.* at 104. The Court, after an examination of the circumstances surrounding Mosley's admission, concluded that the detectives had honored his right to remain silent.

---

[1]  As interpreted by the Texas Court of Criminal Appeals, the relevant *Mosley* factors are as follows: (1) whether the suspect was informed of his right to remain silent prior to the initial questioning, (2) whether the suspect was informed of his right to remain silent prior to the subsequent questioning, (3) the length of time between initial questioning and subsequent questioning, (4) whether the subsequent questioning focused on a different crime, and (5) whether police honored the suspect's initial invocation of the right to remain silent. *Maestas v. State*, 987 S.W.2d 59, 62 (Tex. Crim. App.), *cert. denied*, 528 U.S. 834 (1999).

[2]  The police had received a tip that implicated Mosley and three others in several robberies and Mosley in a murder.

4

*Id.* The circumstances did not indicate that the police refused to end the interrogation upon Mosley's request or that they persisted in trying to wear down Mosley's resistance so that he would decide to talk. *Id.* at 105-06. Rather, "the police here immediately ceased the interrogation, resumed questioning only after the passage of a significant period of time and the provision of a fresh set of warnings, and restricted the second interrogation to a crime that had not been a subject of the earlier interrogation." *Id.* at 106.

The *Mosley* Court's review of all of the facts and circumstances to determine whether a suspect's *Miranda* rights have been violated has been followed by the Texas Court of Criminal Appeals in determining the admissibility of statements made during custody. *See Maestas*, 987 S.W.2d at 62. Texas courts have recognized, however, that the need for a *Mosley* review depends on resolution of the threshold question of whether the suspect invoked his right to silence. *See Edwards v. State*, 956 S.W.2d 687, 689 (Tex. App.—Texarkana 1997, no pet.) (noting that although *Mosley* dictates that once the right to silence has been invoked the interrogation must cease, the threshold question is whether the suspect in fact invoked the right to silence); *see also Watson v. State*, 762 S.W.2d 591, 597 (Tex. Crim. App. 1988) (stating that "[t]he important question herein is whether the appellant invoked his constitutional right to remain silent").

In *Edwards*, the suspect was arrested on a warrant, read his *Miranda* rights, and questioned regarding a fatal robbery. *Edwards*, 956 S.W.2d at 689. Edwards denied participation in or knowledge of the incident, and the police ceased questioning him. After conferring privately with his girlfriend, Edwards invited the police back into the interview room and having been read his *Miranda* rights a second time, confessed to his involvement in the crimes. The court, citing *Mosley*, agreed that police violate a suspect's rights if they persist in questioning a suspect once he or she has

invoked the right to remain silent. *Id.* The court concluded, however, that Edwards failed to satisfy the threshold question: did the suspect in fact assert his right to silence? *Id.* The suspect's denial of his participation in the crimes during the first interview did not constitute an assertion of the right to silence, nor was there any other evidence in the record that the suspect had invoked his right to silence. *Id.* Because the court found that Edwards had not invoked his right to silence at the first interview, a *Mosley* hearing was not required.[3] *See id.*

Similarly, the record in the instant case does not disclose any evidence before the trial court at the motion to suppress hearing that Ramirez invoked his right to silence. While Ramirez later testified at trial that he had invoked the right, this testimony does not go to the admissibility of the statements as determined at the pre-trial hearing. The uncontroverted testimony of the State's sole witness was that Ramirez never asserted his right to silence before admitting that he owned the gun. As Ramirez points out, the invocation of one's *Miranda* rights can be manifested informally by anything said *or done* that could reasonably be interpreted as a desire to invoke one's rights. *See Watson*, 762 S.W.2d at 597. Nonetheless, Ramirez offered no evidence at the hearing that he asserted his right to silence and thus, the trial court was under no obligation to review the *Mosley* factors.[4] Therefore, we overrule Ramirez's point of error and affirm the trial court.

---

[3] The court added in dicta that even if Edwards had invoked his right to silence, the police honored it by ceasing the interrogation after only ten minutes and by resuming it only at Edwards's request. *Edwards v. State,* 956 S.W.2d 687, 689-90 (Tex. App.—Texarkana 1997, no pet.).

[4] As our review of the suppression hearing disposes of the threshold issue of whether Ramirez invoked his right to silence, we need not address Ramirez's contention that he was subjected to a custodial interrogation or the State's argument that Ramirez waived his objection to evidence offered at trial regarding his admission that he owned the gun. For the same reason we do not address Ramirez's argument that the entire interrogation occurred after he was read his *Miranda* rights, as he makes this argument in the context of the *Mosley* factors.

## CONCLUSION

We hold that it was not error for the trial court to admit into evidence at trial Ramirez's admission of ownership made after the initial traffic stop. We overrule this point of error and affirm the trial court's judgment of conviction.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   February 28, 2001

Publish