NUMBER 13-06-310-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RUBEN SOLIZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law No. 2 

of Bell County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellant, Ruben Soliz, appeals from his conviction for the offense of driving
while intoxicated (DWI). See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). As the
sole issue on appeal, appellant challenges the probable cause for his arrest and
contends that the trial court erred when it denied his Motion to Suppress Intoxylizer. 
We affirm.

I. Background


Texas State Trooper Michael Mingst stopped appellant at approximately 1:30
a.m. after he allegedly observed appellant operating his vehicle in violation of section
547.322(f)(2) of the Texas Transportation Code. See Tex. Transp. Code Ann. §
547.322(f)(2) (Vernon 1999) (providing that it is unlawful to operate a motor vehicle
without a light illuminating the vehicle's rear license plate). Trooper Mingst smelled
an odor of alcohol coming from appellant, and appellant told Trooper Mingst that he
had consumed "a couple of beers" prior to the stop. Trooper Mingst administered a
horizontal gaze nystagmus (HGN) test on appellant, which provided Trooper Mingst
with six clues that appellant was intoxicated. In addition, Trooper Mingst administered
a portable breath test (PBT), and according to Trooper Mingst, the PBT indicated that
appellant's blood alcohol concentration was "something around a 0.10." After
administering the two field sobriety tests, Trooper Mingst placed appellant under arrest
for suspicion of DWI. While in police custody, appellant submitted to two intoxilyzer
breath tests that registered appellant's blood alcohol concentration at 0.176 and
0.164. 

Prior to trial, appellant filed a Motion to Suppress Intoxilyzer arguing: (1)
Trooper Mingst lacked reasonable suspicion to stop appellant, and (2) Trooper Mingst
did not have probable cause to arrest appellant for suspicion of DWI. Following a
hearing on appellant's motion to suppress, the trial court denied the motion. At a
bench trial, appellant entered a plea of nolo contendere, and the trial court found
appellant guilty. This appeal ensued.

II. Motion to Suppress and Probable Cause

 As the only issue raised on appeal, appellant contends that the trial court erred
by denying the Motion to Suppress Intoxilyzer because Trooper Mingst lacked probable
cause for the arrest. (1)

A. Standard of Review

 We review a trial court's ruling on a motion to suppress evidence under a
bifurcated standard of review. Amador v. State, No. PD-0786-06, 2007 Tex. Crim.
App. LEXIS 501, at *13 (Tex. Crim. App. Apr. 25, 2007); State v. Ross, 32 S.W.3d
853, 856 (Tex. Crim. App. 2000) (en banc); Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We give almost total deference to the trial court's findings
of facts supported by the record and its rulings on issues that concern application of
law to fact when the rulings involve evaluation of credibility and demeanor of
witnesses. Amador, 2007 Tex. Crim. App. LEXIS 501, at *13; Ross, 32 S.W.3d at
856; Guzman, 955 S.W.2d at 89. When an issue for review concerns mixed
questions of fact and law and does not involve evaluation of credibility and demeanor
of witnesses, we conduct a de novo review of the trial court's ruling. Amador, 2007
Tex. Crim. App. LEXIS 501, at *13; Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d
at 89. 

 Because Trooper Mingst's testimony regarding the probable cause for the arrest
is undisputed, this case does not involve evaluation of credibility or demeanor of
witnesses. See Ramirez v. State, 44 S.W.3d 107, 109 (Tex. App.-Austin 2001, no
pet). In addition, the question of probable cause presents an issue of the proper
application of law to the facts. See Ross, 32 S.W.3d at 856. We, therefore, review
the trial court's ruling de novo. See Ramirez, 44 S.W.3d at 109.

B. Applicable Law

 The State has the burden to prove probable cause for an arrest. Johnson v.
State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). "To establish probable cause
to arrest, the evidence must show that 'at that moment [of the arrest] the facts and
circumstances within the officer's knowledge and of which he had reasonably
trustworthy information were sufficient to warrant a prudent man in believing that the
arrested person had committed or was committing an offense.'" Parker v. State, 206
S.W.3d 593, 596 (Tex. Crim. App. 2006) (quoting State v. Steelman, 93 S.W.3d
102, 107 (Tex. Crim. App. 2002)). A person commits an offense of DWI if the
person, while intoxicated, operates a motor vehicle in a public place. See Tex. Pen.
Code Ann. § 49.04 (Vernon 2003). "Intoxication" means (1) not having the normal
use of mental or physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or (2) having an alcohol
concentration of 0.08 or more. See id. § 49.01.

C. Analysis

 Appellant specifically contends that Trooper Mingst lacked probable cause for
the arrest because the State did not offer evidence to support the proper
administration and scientific validity of the PBT and HGN tests. See Emerson v. State,
880 S.W.2d 759, 763-64 (Tex. Crim. App. 1994) (en banc).

As a prerequisite for presenting an error for appellate review, the record must
show that appellant made the same complaint to the trial court in the form of a
request, objection, or motion. Tex. R. App. P. 33.1(a); Morris v. State, 89 S.W.3d
146, 150 (Tex. App.--Corpus Christi 2002, no pet.). An appellant has not preserved
an error for review if the complaint made on appeal differs from the objection made in
the trial court. Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000);
Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (en banc). While appellant's motion to suppress generally contended that Trooper Mingst
lacked probable cause for the arrest, appellant's motion did not develop any basis for
challenging the probable cause for the arrest. At the hearing on the motion to
suppress, the State offered evidence supporting the probable cause for the arrest,
including the results of the PBT and HGN tests. Appellant, however, did not object to
the trial court's admission of Trooper Mingst's testimony regarding the PBT and HGN
tests. In addition, appellant did not question the method of administration or scientific
validity of either test. Therefore, appellant has failed to preserve his complaints
regarding the admissibility of these tests. See Tex. R. App. P. 33.1(a); Morris, 89
S.W.3d at 150. 

 Because appellant did not object to the admissibility of the HGN and PBT
evidence below, we consider this evidence as part of the record on appeal. See
Maxcey v. State, 990 S.W.2d 900, 903 (Tex. App.--Houston [14th Dist.] 1999, no
pet.). Therefore, we may consider the results of the PBT and HGN tests in our review
of probable cause for appellant's arrest. Trooper Mingst testified that he witnessed
four signs of appellant's intoxication: (1) appellant smelled of alcohol, (2) appellant
admitted to consuming alcohol, (3) appellant showed six of six clues on the HGN test,
and (4) the PBT showed that appellant's blood alcohol concentration was above 0.08. 
See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). Trooper Mingst also testified that
he witnessed appellant operating a motor vehicle on Business 190, a public highway. 
See id. § 49.01. Therefore, the facts and circumstances within Trooper Mingst's
knowledge were sufficient to warrant a prudent man to believe that appellant
committed the offense of DWI, and accordingly, Trooper Mingst had probable cause
to arrest appellant. See Parker, 206 S.W.3d at 596. Because probable cause existed
for appellant's arrest, the trial court properly overruled the Motion to Suppress
Intoxilyzer. We overrule appellant's sole issue.

III. Conclusion

 We affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of June, 2007.

1. Appellant does not challenge on appeal whether Trooper Mingst had reasonable suspicion to
stop appellant.