Raymond Lee THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 2–81–137–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 11, 1981.

Wm. Cary Quillin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Lee A. Joyner, Jr., Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

Appellant, Raymond Lee Thomas, was indicted for aggravated robbery with a deadly weapon. Immediately prior to trial, appellant was arraigned, whereupon he formally entered his plea of not guilty. Before the venire was brought into court, appellant was given the opportunity to make any motions that he might have at the time. Appellant declined this invitation. The panel was brought into court, seated, sworn for the subsequent voir dire examination and then recessed. At this time appellant made a motion to reshuffle the jury panel. The trial judge overruled this motion on the ground that it was untimely. Thereafter, a jury was selected and the trial proceeded. The jury found appellant guilty of the crime charged and assessed punishment at five years.

Appellant's single ground of error on appeal is that the trial court committed reversible error by denying his motion to reshuffle the jury panel. We agree.

Appellant made his motion to reshuffle pursuant to Article 35.11, V.A.C.C.P., which states:

"The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

The Court of Criminal Appeals, when considering a ground of error under this statute, has consistently reviewed the record to determine whether the motion was *timely* made. If the motion is timely made, the appellant has an absolute right to have the jury panel reshuffled on demand. *Davis v. State*, 573 S.W.2d 780 (Tex.Cr.App. 1978); *Alexander v. State*, 523 S.W.2d 720 (Tex.Cr.App.1975). Conversely, if the motion is made untimely, there is no error in denying it. *Griffin v. State*, 481 S.W.2d 838 (Tex.Cr.App.1972). The critical inquiry in this case, therefore, is whether appellant's motion was made timely.

Article 35.11, *supra*, is silent as to when the motion must be made to be considered timely. Consequently, we must look to the judicially established line of demarcation between timely and untimely motions to reshuffle the jury panel. It is well settled that a motion to reshuffle the jury panel, if made prior to voir dire, is timely and should be granted. *Davis v. State, supra; Alexander v. State, supra; Overton v. State*, 490 S.W.2d 556 (Tex.Cr. App.1973); *Griffin v. State, supra.*

The State agrees with the above stated rule, but maintains that the record in this case is insufficient to determine whether the motion was made prior to commencement of the voir dire examination. The Court of Criminal Appeals has addressed the sufficiency of the record issue in *Alexander v. State, supra*, at 721. There the court stated:

*"While the record leaves something to be desired from the standpoint of clarity, it*

appears that appellant had announced ready, the jury panel was being seated in the courtroom, and the jury lists had been prepared when the appellant presented his pro se motion to shuffle the jury panel . . . ." (Emphasis added.)

The record, therefore, does not have to be translucent to preserve this ground of error. We find the record sufficient to indicate that the motion was made prior to voir dire.

Appellant's position is further buttressed by the reasoning behind the judicially created time limitation.

"The soundness of requiring such motion to be made before voir dire begins is apparent. To allow either party to request a shuffle of the names of the jury panel after voir dire begins would be disruptive and unduly prolong the trial. Further, it would permit such an election to be based upon information already elicited on voir dire. Clearly, this was not the intent of the legislature."

*Alexander v. State, supra,* at 721. In the instant case there was no voir dire examination, and no information derived therefrom before the motion was made.

Applying the facts of the case before us to the established precedent, we find that the trial court violated the provisions of Article 35.11, supra, resulting in reversible error. "In cases where Art. 35.11, supra, has been violated, the appellant need not demonstrate that he has been harmed or that he was forced to take an unacceptable juror for the error to be reversible." *Davis v. State, supra,* at 781.

We hold that no defendant or counsel representing a defendant can be expected to make a demand to reshuffle *prior* to the time the panel is seated; it is sufficient if demand is made after seating, but *prior* to the commencement of voir dire.

We reverse and remand, for a new trial.