**Will Kenneth SCOTT, Appellant,**

*v.*

**The STATE of Texas, Appellee.**

**No. 3–90–036–CR.**

Court of Appeals of Texas, Austin.

March 6, 1991.

---

Jane Matyastik Vorwerk, Taylor, for appellant.

Hollis C. Lewis, Jr., County and Dist. Atty., Charles H. Van Orden, Sp. Prosecutor, Cameron, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

A jury found Will Kenneth Scott guilty of delivery of less than 28 grams of cocaine, in violation of the Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.112 (1991). The jury then assessed punishment of a $2,500 fine and seven years' confinement in the Texas Department of Corrections, both probated for seven years. We find that the district court erred by refusing the defendant's timely request to "shuffle" the jury panel, so we must reverse the conviction and remand the cause for a new trial.

## THE CONTROVERSY

The issue in this case is whether a shuffle of the jury panel at the trial court's discretion before the panel had been seated for voir dire satisfied a defendant's shuffle request. (A "shuffle" of the jury panel involves putting the names on the jury list in random order). We hold that it did not.

Will Kenneth Scott's felony drug-possession case was set for trial before a jury. After screening the venire for disqualifications and exemptions, the trial judge directed the bailiff to shuffle the jury cards. When the panelists were seated according to the results of the shuffle, the trial judge made introductory remarks. Then the court called on the prosecution to begin its voir dire examination. Before the prosecution could address any questions to the panel, however, Scott requested a jury shuffle. The trial judge refused to again shuffle the jury list, stating, "They were shuffled, your motion is granted."

Scott argues that the trial court committed reversible error in refusing his request for a shuffle. The State contends that Scott had filed his request before the bailiff shuffled the information cards, and that the court, by that shuffle, granted the request. The State further asserts that Scott's request for a shuffle after the panel was seated for voir dire was actually a

**614**

second shuffle request, which the court was not required to grant.

## DISCUSSION AND HOLDING

We begin with a review of the rules regarding jury shuffles. Upon request by the defendant, the trial court must shuffle the jury list. Tex.Code Cr.P. Ann. art. 35.11 (1989). The defendant's right to a jury shuffle is absolute. *Williams v. State*, 719 S.W.2d 573, 575 (Tex.Cr.App.1986). Moreover, a trial court's sua sponte shuffle of the jury list does not foreclose the defendant from requesting a second shuffle under article 35.-11. *Wilkerson v. State*, 681 S.W.2d 29, 30 (Tex.Cr.App.1984). Further, it has been held that refusal of a timely motion to shuffle is automatic reversible error. *Yanez v. State*, 677 S.W.2d 62, 69 (Tex.Cr. App.1984).

There is no dispute in this case that Scott made a timely shuffle request. *See Williams*, 719 S.W.2d at 577. The parties join issue instead on whether the trial court actually granted the request. We conclude that it did not. The record indicates that the court directed the bailiff to shuffle the information cards without a request from either the State or Scott. The record does not mention Scott's request until after the court directed the prosecution to begin voir dire examination.

Moreover, even if Scott's request was before the trial judge at the time he directed the bailiff to shuffle the cards, that shuffle did not satisfy the request. A defendant has the right to see the jury panel seated, in the proper sequence, before he decides whether to exercise his right to a shuffle. *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Cr.App.1983); *Eldridge v. State*, 666 S.W.2d 357, 358–59 (Tex.App.1984, pet. ref'd); *Thomas v. State*, 624 S.W.2d 383, 385 (Tex.App.1981, no pet.) (no defendant can be expected to exercise his right to shuffle before the panel is seated in sequence). In fact, the defendant cannot intelligently exercise his right to a shuffle without seeing the panelists seated in the order in which they will be called. Accordingly, the trial judge should have given Scott the opportunity to see the panelists seated in sequence before he exercised his right to a shuffle.

In any event, we cannot determine from the record that Scott was not harmed by the error. Tex.R.App.P.Ann. 81(b) (Pamph. 1990).

## CONCLUSION

Scott's first point of error is sustained. Because this point is dispositive of Scott's appeal, we will not address his remaining points of error. *See* Tex.R.App.P.Ann. 90(a) (Pamph.1990). We reverse the judgment of the trial court, and remand this case to that court for a new trial.