Bennie Earl ROBERTS, Appellant,

v.

The. STATE of Texas.

No. 476–99.

Court of Criminal Appeals of Texas.

June 19, 2002.

Steve Stark, Athens, for appellant.

Jeffrey L. Van Horn, Assist. St. Atty., Matthew Paul, State's Attorney, Austin, for state.

## *OPINION*

The opinion of the Court was delivered PER CURIAM.

A jury convicted Appellant of delivery of a controlled substance. The trial court sentenced him to confinement for thirty years. The Court of Appeals reversed the conviction, concluding that the trial court erred in conducting a jury shuffle after the conclusion of voir dire. *Roberts v. State*, No. 12–94–00205–CR (Tex.App.-Tyler, delivered August 29, 1997). This Court remanded the case to the Court of Appeals to conduct a harm analysis. *Roberts v. State*, 978 S.W.2d 580 (Tex.Crim.App. 1998). The Court of Appeals again reversed the conviction, citing *Ford v. State*, 977 S.W.2d 824 (Tex.App.-Fort Worth

---

1998, pet. pending), and deciding that the erroneous jury shuffle "defies analysis by harmless error standards, and thus cannot be proven harmless beyond a reasonable doubt under Rule 44.2." *Roberts v. State,* —— S.W.3d ——, ——, slip op. at 6, 1999 WL 115104 (Tex.App.-Tyler, No. 12–94–00205–CR, delivered February 26, 1999). The State filed a petition for discretionary review challenging the Court of Appeals' conclusion that this type of error defies a harm analysis.

In *Ford v. State,* 73 S.W.3d 923 (Tex. Crim.App.2002), this Court addressed the Fort Worth Court of Appeals' holding that error in failing to order a jury shuffle was harmful because the appellate court was unable to measure whether the error had a substantial or injurious effect on the jury's verdict. This Court explained that the purpose of the jury shuffle is to ensure that venire members are listed in random order. *Id.,* 73 S.W.3d at 926. Because applicable rules and statutes already require that panels be listed randomly from the outset, a trial judge's failure to order a shuffle does not, by itself, indicate a nonrandom listing of the venire. This Court held that nothing in the record indicated that the procedures outlined in the applicable statutes and rules were disregarded or that the process of assembling a jury panel was subverted to achieve a nonrandom listing of the venire. *Id.* Thus, this Court concluded the error in denying the defendant's request for a jury shuffle was harmless.

When the Court of Appeals decided this case, it did not have the benefit of this Court's opinion in *Ford.* Accordingly, we grant ground one of the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand to that court for reconsideration in light of our opinion in *Ford* and, if necessary, for the court to address Appellant's remaining points of error.