# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00215-CR

**Victor Everett Reynolds, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 65489, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Victor Everett Reynolds guilty of robbery. *See* Tex. Penal Code Ann. § 29.02 (West 2003). The district court assessed punishment, enhanced by two previous felony convictions, at forty-five years' imprisonment. In his sole point of error, appellant contends that the trial court reversibly erred by overruling his request to shuffle the jury panel. We overrule this contention and affirm the conviction, but we modify the judgment to delete the order that appellant pay his appointed attorney's fees.

In order to assure that the jury selection process is fair to both sides, article 35.11 provides for a random reseating of the panelists, commonly referred to as a jury shuffle, at the request of either the defendant or the State. Tex. Code Crim. Proc. Ann. art. 35.11 (West 2006). The statute is complied with when counsel for either party is allowed to view the venire seated in the courtroom in proper sequence and then given an opportunity to have the names of

the panelists shuffled. *Davis v. State*, 782 S.W.2d 211, 214 (Tex. Crim. App. 1989). The statute guarantees only a single jury shuffle, however, and neither the defendant nor the State is entitled to a second shuffle after the panel is properly shuffled at the request of the other party. *Chappell v. State*, 850 S.W.2d 508, 511 (Tex. Crim. App. 1993); *Jones v. State*, 833 S.W.2d 146, 148-49 (Tex. Crim. App. 1992).

The record before us reflects that the jury list was shuffled at the State's request before the panel was seated in the courtroom and before defense counsel had actually seen the panel. This practice has been criticized and held not to comply with article 35.11. *Stark v. State*, 657 S.W.2d 115, 116 (Tex. Crim. App. 1983). Defense counsel has the right to see the jury panel seated in the original sequence before deciding whether to request a shuffle. *Scott v. State*, 805 S.W.2d 612, 614 (Tex. App.—Austin 1991, no pet.). A jury shuffle conducted before the panel is seated for voir dire does not disentitle defense counsel from requesting a shuffle after seeing the seated panel. *Id*. at 613. Contrary to the State's argument and the trial court's ruling below, the jury shuffle conducted at the State's request before the panel was seated did not satisfy article 35.11.

Defense counsel's request for a jury shuffle, like the State's, was made before the panel was seated in the courtroom. It has been held that a defendant cannot complain of the denial of a shuffle request made before the appropriate time. *Velasquez v. State*, 941 S.W.2d 303, 307 (Tex. App.—Corpus Christi 1997, pet. ref'd). Further, a defense lawyer who acquiesces in a shuffle before the panel is seated, without objecting or requesting an opportunity to see the panel in advance, forfeits the right to complain on appeal that the proper procedure was not followed. *Johnson v. State*, 977 S.W.2d 137, 139-40 (Tex. Crim. App. 1998). In the trial court, defense counsel argued

2

incorrectly that both the State and the defense are entitled to a shuffle under article 35.11. Counsel did not object to shuffling the jury panel before it was seated. Insofar as the timing of the shuffle is concerned, both parties appear to have acquiesced in the procedure employed.

Even if appellant's request for a shuffle was timely and sufficient to invoke article 35.11, reversible error is not presented. The denial of a jury shuffle is trial error that must be evaluated for harm under the standard for nonconstitutional errors. *Roberts v. State*, 77 S.W.3d 837, 838 (Tex. Crim. App. 2002); *Ford v. State*, 73 S.W.3d 923, 924 (Tex. Crim. App. 2002); *see* Tex. R. App. P. 44.2(b). Although a jury shuffle may sometimes be used as a tactical tool, the purpose of article 35.11 is to ensure that the members of the venire are listed in random order. *Roberts*, 77 S.W.3d at 838. Because other rules and statutes require that jury panels be randomly ordered at the outset, the trial court's failure to order a shuffle does not, in itself, indicate that the venire list was not random. *Id*. In the absence of any evidence in this record that the process of assembling the jury panel was subverted in some manner to achieve a nonrandom listing of the venire, no reversible error is shown. *See id*.

Finally, appellant argues that article 35.11 notwithstanding, he was entitled to another shuffle of the jury under *Batson v. Kentucky*, 476 U.S. 79 (1986). Counsel argued below that based on the limited information he had and without having actually seen the jurors, he believed that the last eight panelists on the jury list were demographically more desirable to the defense. Among other things, counsel said that "the racial makeup of the last eight is better as far as I'm concerned."

The court of criminal appeals has expressed its disapproval of the argument that *Batson* extends to jury shuffles. *See Ladd v. State*, 3 S.W.3d 547, 563 n.9 (Tex. Crim. App. 1999).

3

In any event, appellant did not object that the State's request for a jury shuffle was racially motivated, and he does not make that argument here. No *Batson* violation is shown in the conduct of the shuffle. *See id*. at 564.

For the reasons stated, we overrule appellant's point of error. Nevertheless, our examination of the record discloses an error that requires modification of the trial court's judgment. *See Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (appellate courts may review unassigned error). The judgment contains a listing of court costs, including "$2652.50 Attorney Fees." The judgment also "**Orders** Defendant to pay all fines, court costs, and restitution as indicated above." The record reflects, however, that counsel was appointed to represent appellant both at trial and on appeal after appellant was determined to be indigent. We find no evidence in the record that appellant is no longer indigent or that he is otherwise able to pay attorney's fees in the amount ordered.

The defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees under article 26.05(g). Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). No trial objection is required to preserve the sufficiency of the evidence for appellate review. *Mayer*, 309 S.W.3d at 556. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id*. at 557.

The trial court's judgment is modified to delete "$2652.50 Attorney Fees" from the listing of court costs.  As modified, the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Modified and, as Modified, Affirmed

Filed:   November 17, 2010

Do Not Publish