**Grady Gerald HOLMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-81-00707-CR.**

Court of Appeals of Texas,
Dallas.

June 8, 1982.

Rehearing Denied July 15, 1982.

Discretionary Review Refused
Oct. 13, 1982.

Paul J. Chitwood, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Kathi A. Drew, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and GUILLOT, JJ.

ALLEN, Justice.

This is an appeal from a conviction of driving a motor vehicle upon a public street or highway while intoxicated. Following a verdict of guilty, the court assessed punishment at confinement in the county jail for 30 days and a $250 fine. In his sole ground of error appellant contends that the trial court erred in failing to grant his motion to shuffle the jury panel. We agree and, therefore, reverse and remand.

■    The record reflects that appellant's motion to shuffle under Tex.Code Crim.Pro.Ann. art. 35.11 (Vernon 1966) was made after the list of jury panel members was distributed to both the State and defense. The State argues that the distribution of this list and subsequent examination of the juror information cards by the attorneys was tantamount to the commencement of voir dire, and thus the trial court properly denied appellant's motion. We find this position untenable. The shuffle of the jury panel is an absolute right if a demand is made before the voir dire examination be-

gins. *Roberson v. State*, 582 S.W.2d 422, 423 (Tex.Crim.App.1979); *Griffin v. State*, 481 S.W.2d 838, 839 (Tex.Crim.App.1972). In *Alexander v. State*, 523 S.W.2d 720, 721–722 (Tex.Crim.App.1975), the Court of Criminal Appeals held that it was error not to grant appellant's motion to shuffle after the jury list had been prepared and the jurors were being seated. We find the reasoning in these cases persuasive and hold that the examination of the juror information cards was not tantamount to the commencement of voir dire. Consequently, the trial court erred in failing to grant appellant's timely motion to shuffle the jury panel.

Reverse and remand.