James Curtis **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 571–85.

Court of Criminal Appeals of Texas, En Banc.

Sept. 24, 1986.

Russ Henrichs, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gilbert P. Howard, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of aggravated sexual assault by a jury who assessed punishment at life imprisonment and a fine of $10,000.00.

On appeal appellant complained, inter alia, that the trial court reversibly erred in overruling his motion to shuffle the jury panel. See Article 35.11, V.A.C.C.P. The Court of Appeals affirmed the conviction and rejected appellant's contention, holding that his motion to shuffle was untimely made. *Williams v. State*, 690 S.W.2d 656 (Tex.App.—Dallas 1985). We granted appellant's petition for discretionary review solely to determine the correctness of the Court of Appeals' decision concerning the motion to shuffle.

The record reflects that after the jury panel for the case was brought into the courtroom and seated,[1] the trial judge introduced herself and made introductory remarks, identified the attorneys, pointed out the appellant and his co-defendant, Raymond Jackson, discussed the division of offenses into felonies and misdemeanors, gave examples of felonies of the first, second and third degree and the applicable penalties, discussed capital murder and its penalties and the high fines now available in cases of "drug trafficking," read the instant indictment to the panel, told them the offense was formerly known as aggravated rape, discussed jury strikes, the order of trial, the charge, jury deliberations, verdicts, and referred to certain principles as presumption of innocence, burden of proof, reasonable doubt, etc.

At separate and distinct points in her remarks the trial judge posed three questions. After reading the indictment, the judge referred to the name of the alleged victim and then asked:

---

1. It would appear that the jury panel for the case was taken from the jury panel for the week   in Dallas County.

"Are there any of you to whom the name sounds familiar or any of you who feel you might know any of the purported facts of these cases. If so would you raise your hand? (sic) All right, fine."

Whether any venireman raised his hand is not reflected by the record.

Later the record reflects the judge inquired:

"Now, are there any of you who have any questions about what the State must prove? All right, fine."

Here again the record is silent as to any response from the jury, but only shows the judge immediately proceeded with her remarks.

Later at another point the record reflects:

"Now, with that explanation, are there any of you who feel that you could not set the punishment, if you find either one or both of the defendants guilty, are there any of you who feel you could not set the punishment within the range allowed by law depending upon what you thought the proper circumstances were? If you feel you could not would you raise your hand, please?

"(Indication from the jury panel.)

"THE COURT: All right. Let's see, I believe at this point you are an alternate, sir. Do we have twelve on a row?

"THE BAILIFF: Yes, ma'am.

"THE COURT: Are you Mr. Trevino?

"PROSPECTIVE JUROR TREVINO: Right.

"THE COURT: All right. Mr. Trevino, right now you are an alternate, so in the interest of time we will wait, we will make a note and we will talk to you later if it becomes necessary if others are excused.

"Are there any others that would raise their hand to that question? All right, fine."

Thereafter at the conclusion of her remarks to the panel the judge called upon the assistant district attorney, at which point the record reflects:

"MR. HAYS: Your Honor, may I approach the bench?

"THE COURT: Yes, please.

"(At the bench, outside the hearing of the jury panel:)

"THE COURT: Let the record reflect this is outside the hearing of the jury. Go ahead, Mr. Hays.

"MR. HAYS: On behalf of Mr. Jackson, we move that the jury be shuffled.

"THE COURT: The voir dire examination having already begun, in fact, having been going on now for approximately 40 minutes, your request to shuffle is denied.

"MR. HENRICHS: Judge, Defendant Williams will also make the same motion for a shuffle, and I presume the ruling is the same?

"THE COURT: Yes, sir.

"MR. HENRICHS: And we except to the Court's ruling."

Article 35.11, V.A.C.C.P., reads:

"The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

It first must be made clear that Article 35.11, V.A.C.C.P., is applicable only to the jury panel *for the case. Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977); *Gonzalez v. State,* 468 S.W.2d 85 (Tex.Cr.App. 1971); *Boatright v. State,* 472 S.W.2d 765 (Tex.Cr.App.1971); Tex.Jur.3rd, Vol. 23, Criminal Law, § 26.48, p. 283.

The statute is mandatory. *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983). Under such statute a defendant or the

State is entitled upon timely demand to have the jury panel for the case shuffled. *Smith v. State,* supra; *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App.1978); *Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977). It has been said a defendant has an absolute right to have the jury panel reshuffled on demand. *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App.1978); *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr.App.1975). And it is automatic reversible error for the trial court to refuse a timely urged motion by an accused or his counsel to shuffle the names of the members of the jury panel. *Yanez v. State,* 677 S.W.2d 62 (Tex.Cr.App. 1984); *Hall v. State,* 661 S.W.2d 113 (Tex. Cr.App.1983).

In making such a motion[2] a defendant does not have to assign cause or reason therefor, *Como v. State,* 557 S.W.2d 93 (Tex.Cr.App.1977), nor does he have any burden to show that he was harmed or that he was forced to take an unacceptable juror. *Latham v. State,* 656 S.W.2d 478 (Tex.Cr.App.1983); *Wilkerson v. State,* 681 S.W.2d 29 (Tex.Cr.App.1984); *Davis v. State,* supra; *Woerner v. State,* 523 S.W.2d 717, 718 (Tex.Cr.App.1975).

To be timely the motion to shuffle must be presented or urged prior to the commencement of the voir dire examination of the jury panel assigned to the case. *Alexander v. State,* 523 S.W.2d 720 (Tex.Cr. App.1975); *Woerner v. State,* 523 S.W.2d 717 (Tex.Cr.App.1975); *Davis v. State,* 573 S.W.2d 780 (Tex.Cr.App.1978); *Roberson v. State,* 582 S.W.2d 422 (Tex.Cr.App.1973); *Latham v. State,* supra.

A motion to shuffle that is urged after the commencement of the voir dire examination of the assigned jury panel is untimely and may be summarily overruled by the trial court. *Roberson v. State,* supra; *Griffin v. State,* 481 S.W.2d 838 (Tex.Cr. App.1972); *Thomas v. State,* 624 S.W.2d 383 (Tex.App.—Ft. Worth 1981).[3]

The critical inquiry in this case, therefore, is whether appellant's motion was made timely.

Article 35.11, supra, is silent as to when the motion must be made to be considered timely. Consequently, we must look to the judicially established line of demarcation between timely or untimely motions to shuffle the jury panel.

As the earlier cited cases indicate, the motion to be timely must be urged or presented before the voir dire examination of the jury panel for the case begins. When can it be said that the voir dire examination commences?

In *Stark v. State,* 657 S.W.2d 115 (Tex. Cr.App.1983), this Court stated: "The statute (Article 35.11, V.A.C.C.P.) also contemplates that the court business will be conducted in the courtroom." And in *Eldridge v. State,* 666 S.W.2d 357 (Tex.App.—Dallas 1984), review ref'd., it was held that a party has a right to see the jury panel seated in the courtroom before it is required to demand a shuffle under Article 35.11, supra. In *Thomas v. State,* 624 S.W.2d 383 (Tex.App.—Ft. Worth 1981), it was held that a defendant could not be expected to make a demand to shuffle the list of the names of the jurors prior to the time the jury panel for the case is seated, and if the demand for shuffle comes after the seating and prior to the commencement of the voir dire examination, it is sufficient.

In *Holman v. State,* 636 S.W.2d 18 (Tex. App.—Dallas 1982), review ref'd., it was held that the distribution of the jury lists to the parties and the examination of the juror information cards was not tantamount to the commencement of voir dire examination of the jury panel and did not cause a motion to shuffle to be untimely.

In *Williams v. State,* 681 S.W.2d 29 (Tex.Cr.App.1984), the trial judge made

---

2. The demand or motion may be oral or written. *Yanez,* supra, at 69.

3. In *Roberson,* supra, two prospective jurors had been questioned on voir dire examination before motion to shuffle was made. In *Griffin,* supra, the defense had interrogated 22 veniremen when the State announced it would exercise 10 peremptory challenges on the next 10 on the jury list. The motion to shuffle by the defendant came too late at this point.

preliminary remarks to the jury panel, then retired to chambers with the attorneys and there entertained excuses, exemptions and disqualifications. While this was going on, the court coordinator or bailiff performed a shuffle of the jury panel pursuant to a standing order of the judge to do so in every jury case. When the judge and attorneys returned to the courtroom, defense counsel immediately moved for a shuffle under Article 35.11, supra. The motion was denied. The cause was reversed, holding that the motion was timely made and should have been honored.

In *Sewell v. State,* 696 S.W.2d 559 (Tex. Cr.App.1985), the jury panel was seated and then the trial court inquired into exemptions and qualifications. Thereafter a list of remaining panel members was drawn up and shuffled upon the sua sponte order of the court. Thereafter the defendant made his motion to shuffle, which was denied. This Court held that the defense motion to shuffle, made after court had qualified the members of the jury panel, was timely, citing *Yanez v. State,* 677 S.W.2d 62 (Tex.Cr.App.1984), and held that the defendant was entitled to a shuffle, if timely requested, regardless of a trial judge's sua sponte shuffle, citing *Wilkerson v. State,* 681 S.W.2d 29 (Tex.Cr.App. 1984); *Stark v. State,* 657 S.W.2d 115 (Tex. Cr.App.1983); *Smith v. State,* 648 S.W.2d 695 (Tex.Cr.App.1983); *Davis v. State,* 573 S.W.2d 786 (Tex.Cr.App.1978).

In *Yanez v. State,* supra, this Court held the trial court committed reversible error in refusing to grant defense motion to shuffle made immediately after the jurors had been qualified by the court and the panel for the trial of the case had been determined and stated in the courtroom. *Yanez,* implicitly if not explicitly, rejected the holding in *Brown v. State,* 639 S.W.2d 505 (Tex.App.—Ft. Worth 1982), holding that voir dire examination commenced when the trial judge began asking questions of the prospective jurors as to their qualifications

as mandated by Article 35.12, V.A.C.C.P., which sets forth the questions to be asked.[4]

In understanding the language in these opinions the county in which the appeal arose should be noted as well as the procedures normally applicable. In smaller populated counties prospective jurors may be summoned for duty in a case or cases in a particular district court. Once these prospective jurors are sworn to answer questions (Article 35.02, V.A.C.C.P.), the trial judge of that court then determines excuses, passes on claimed exemptions, challenges to the array, and tests the qualifications (Article 35.12, V.A.C.C.P.), etc. It is from this general panel or panel for the week, that the jury panel for the case in that court is determined.

In larger populated counties the Interchangeable Jury Law (Article 2101, V.A. C.S.) generally applies where there are three or more district courts. There the jurors are summoned to report to one designated judge who impanels them as the jury for the week available for service in all the district and county courts in that county. The judge hears excuses, swears the prospective jurors and qualifies them for service. Thereafter the prospective jurors are sent to a central jury room and then are available to be sent in designated numbers to various courts for service as jurors for a particular case. See generally, Tex.Jur.3rd, Vol. 23, Criminal Law, § 2646, pp. 280–281.

When the jury panel for the case is brought to the courtroom from the central jury room, normally it is seated and a list of the jurors is distributed to the parties with juror information cards, if any. Customarily the trial judge will then make introductory or preliminary remarks, identifying the court, the case, introducing the attorneys, giving general instructions as to jurors' duties, general information. Some judges, even in non-capital felony cases,

---

4. *Brown* would have it that when a trial judge qualifies a jury panel for the week and asks the statutory questions required by Article 35.12, supra, the voir dire examination commences before the jury panel for the case has been determined, thus terminating any right to shuffle the jury panel for the case.

will mention general principles of law, presumption of innocence, burden of proof, reasonable doubt, etc. Naturally these introductory remarks will vary from judge to judge as the instant cause reveals. When they are concluded, the practice is to call upon the prosecutor to commence the voir dire examination of the jury panel for the case by the parties.

With this background, we observe that it has been traditional in Texas for the parties to the lawsuit, not the trial judge, to conduct the voir dire examination of the jury panel for the case, though the judge controls the voir dire and from time to time participates therein. See and cf. the early cases of *Davis v. State,* 19 Tex.App. 201 (1885); *King v. State,* 64 S.W. 245 (Tex.Cr. App.1901).

In 1965 the Legislature, acting upon the recommendations of the State Bar Committee on the Revision of the Code of Criminal Procedure, perceived, in a new statute, "voir dire" to be that examination of the jury panel conducted by the prosecution and defense. See Article 35.17, V.A.C.C.P. (1965). The statute was not substantially altered by the 1973 amendment. It also provides that in a capital felony case the court shall propound certain principles of law to the jury panel before the voir dire by the prosecution and defense begin. There is no similar provision regarding non-capital cases.

In his concurring opinion in *Yanez* at p. 71 Judge Clinton, after reviewing the history of Articles 35.11 and 35.17, V.A.C.C.P., stated:

"Accordingly, I would hold that voir dire examination commences when counsel for the State is recognized by the judge of the trial court for the purpose of addressing a panel of prospective jurors whose qualifications have been tested satisfactorily in accordance with Arti-cle 35.12, V.A.C.C.P. *A demand made pursuant to Article 35.11 prior to that event is timely."* (Emphasis supplied.)

As earlier noted, Article 35.11, supra, is silent as to when the demand or motion to shuffle must be presented. Judicial decisions have made clear that the demand should be urged before voir dire examination begins. Today we adopt and add to Judge Clinton's concurring opinion in *Yanez.* After the jurors have been qualified, and after the trial court has made its introductory or preliminary remarks, etc., to the jury panel for the case, we hold that the voir dire examination for the purpose of Article 35.11, supra, begins when the State is recognized by the court to commence the voir dire examination and actually starts that examination.

If it was held otherwise, then any judge, by interspersing voir dire type questions among introductory remarks to the jury panel for the cause, could sua sponte deny a defendant his absolute right to a jury shuffle upon timely motion and render a mandatory statute meaningless. In recent times we have seen examples of judges who have ordered or permitted prior sua sponte shuffles so as to deny the defendants their rights under Article 35.11, supra.

The conduct of the voir dire examination rests largely within the sound discretion of the trial court. *Clark v. State,* 608 S.W.2d 667 (Tex.Cr.App.1980); *Patterson v. State,* 598 S.W.2d 265 (Tex.Cr.App.1980); *Abron v. State,* 523 S.W.2d 405 (Tex.Cr.App.1975); Tex.Jur.3rd, Vol. 23, Crim. Law, § 2658, p. 294–295. Nothing in today's decision distracts from that general proposition. The province of the trial court, however, does not embrace the right to deny a jury shuffle under the circumstances presented in the instant case.[5]

---

5. The right of trial by jury stands on a higher plane than expediency. A shuffle of the jury panel for the case actually takes a minimal amount of time if properly handled. The granting of timely presented motions to shuffle will remove any serious issue on that score from motions for new trial and appeals. Briefing and oral arguments will be eliminated, and the time of the trial and appellate courts will be conserved. A jury shuffle does not always benefit the party requesting the same, and many defendants would prefer a denial of their shuffle motion and a valid ground of error on appeal to the shuffle itself.

The judgments of the Court of Appeals and the trial court are reversed and the cause is remanded to the trial court.