Juan DeLEON, Appellant,

v.

The STATE of Texas, Appellee.

No. 1289–86.

Court of Criminal Appeals of Texas, En Banc.

June 22, 1987.

G. David Smith, Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty. and J. Roderick Price, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

In an unpublished opinion the Court of Appeals relied on *Yanez v. State*, 677

supported the first. *Id.*, at 655–667.

S.W.2d 62 (Tex.Cr.App.1984), to find that appellant's motion to shuffle the jury panel came too late. *DeLeon v. State* (Tex.App. —El Paso 1986 No. 08–85–00326–CR, delivered November 19, 1986). It did not notice that *Williams v. State*, 719 S.W.2d 573 (Tex.Cr.App.1986), was then extant.

In his petition for discretionary review appellant asserts that briefs were filed in the El Paso Court before "this issue [was] subsequently clarified in unambiguous terms" by *Williams v. State*, supra. For its part, the State "believes that the fact situation presented in this case falls within the strictures of *Williams*." This Court granted review to examine the reason for the decision of the El Paso Court of Appeals in light of *Williams*. According to *Williams* we must now determine whether the motion to shuffle was made before "the State is recognized by the court to commence the voir dire examination and actually starts that examination." 719 S.W.2d at 577.

At the conclusion of a preliminary "voir dire" conducted by the judge of the trial court, the following occurred:

"[The Court]: All right. Gentlemen, are you ready to proceed with voir dire?

[Prosecutor]: State is ready.

[Defense]: At this time the Defendant would like to file a motion to reshuffle the jury.

[The Court]: It is too late. I have already called the case, and you waited too late.

[Defense]: Okay. Would you note my error on that?

[The Court]: I will note whatever error on that, but you waited until after the Court already commenced voir dire.

[To the jury panel] One other thing, the gentleman seated over there . . . . is my court reporter [et cetera].

All right. Mr. Jones [prosecutor].

[Prosecutor]: May it please the court, . . . . as His Honor has told you, . . . . I am an assistant district attorney here in Ector County. * * * * "

Thus we find that after he completed his remarks on "voir dire," the judge inquired if counsel were ready for their respective voir dire, counsel for the State announced "ready," but counsel for appellant moved to reshuffle the jury, the court denied the motion, counsel for appellant "excepted," the court introduced the court reporter to the panel and then recognized counsel for the State who actually did start his voir dire examination. The contention by the State that its voir dire actually commenced when it responded "ready" to the court's inquiry is untenable. *Williams* is precisely in point and controls our disposition of this cause.

The judgments of the Court of Appeals and the trial court are reversed and the cause is remanded to the trial court.