11th Court of Appeals
Eastland, Texas
Opinion 
 
Raymond Sambow Vargas
            Appellant
Vs.                  No. 11-04-00143-CR -- Appeal from Palo Pinto County 
State of Texas
            Appellee
 
            Raymond Sambow Vargas, appellant, was convicted of unauthorized use of a motor vehicle
and sentenced to 2 years confinement and a $2,500 fine. In appellant’s first point of error, he claims
that the trial court’s comment during voir dire was so prejudicial that he was deprived of a fair and
impartial trial. In appellant’s second point of error, he claims that the trial court erred in failing to
grant his objection to the prejudicial, improper, and harmful jury argument of the prosecutor. We
affirm. 
The Court’s Instructions
            At the beginning of jury voir dire, the trial court gave the following instruction:
            The defendant, in a criminal case, has the absolute right to not testify. The
defendant is not required to prove himself or herself innocent. The State has the
burden of proving he or she is guilty. If a person on trial elects to exercise their right
to not testify, then you are instructed, as the law requires, that that cannot be
considered as a circumstance against the defendant for any purpose whatsoever. It
is a valuable right.
 
            There are many, many reasons why someone might elect not to testify that
have absolutely nothing to do with whether that person is guilty or not guilty. And
so it wouldn’t be a very valuable right after all if, when you exercise it, somebody
could hold that against you.
 
            I’ve had many cases as a trial lawyer and as a judge where jurors seated, such
as you are seated, might honestly say, “Well, Judge, if I were accused of something,
I would certainly want to get up there and tell my side of the story.” And it’s okay
to feel that way. I think that’s how I feel about it. But your role, as a juror, is to
follow the law and the instructions given to you by the Court. And it is simply a
matter of law that you cannot consider that or hold it against the defendant for any
reason whatsoever.
 
            I have absolutely no idea whether the defendant will testify or not, that is up
to him and his lawyer.
 
            Is there anyone who cannot follow that instruction -- no matter what your
personal opinion is, is there anyone who cannot follow the instruction that if the
defendant elects not to testify, then you cannot consider that as a circumstance
against him for any reason whatsoever? Anybody have a problem with that, raise
your hand. 
 
There was no response from the panel. Analysis
            In appellant’s first point of error, he asserts that the trial court committed reversible error
when it made the foregoing statement to the venire panel. Appellant’s counsel did not object to the
trial court’s comments. Appellant’s counsel had ample opportunity to voir dire the panel after the
comments were made. 
            Generally, to preserve a complaint for appellate review, counsel must object or otherwise
bring the complaint to the trial court’s attention. The trial court should have an opportunity to
correct the error. TEX.R.APP.P. 33.1; Sharpe v. State, 648 S.W.2d 705, 706 (Tex.Cr.App.1983). 
Although in some cases this court is authorized to take “notice of fundamental errors affecting
substantial rights although they were not brought to the attention of the court,” such is not the case
here. TEX.R.EVID. 103(d). Even if it was an erroneous instruction, the error was not so
fundamental to the proper functioning of our adjudicatory process as to enjoy special protection from
waiver. Blue v. State, 41 S.W.3d 129, 131 (Tex.Cr.App.2000).
            Even if appellant had not waived his complaint, the trial court did not err. At the outset of
voir dire, trial courts often mention general principles of law including a person’s right not to testify. 
See Williams v. State, 719 S.W.2d 573 (Tex.Cr.App.1986). The conduct of the voir dire examination
rests largely within the sound discretion of the trial court. See Moore v. State, 542 S.W.2d 664, 668
(Tex.Cr.App.1976). The trial court stated that it did not know whether the defendant would testify
but that a failure to testify should not be held against a defendant. We overrule appellant’s first point
of error. 
            Appellant’s second point of error is that the trial court erred in failing to grant appellant’s
objection to the State’s allegedly prejudicial, improper, and harmful jury argument. In its closing
argument, the State told the jury:
I’ll remind you of one of the things I talked about during Voir Dire, and that was that
the defense has equal subpoena power in this case. You know, they have the right
to bring whatever witness they want to bring down here, issue a subpoena for them,
have them come down here and straighten something out for you if there’s something
that needs to be straightened out.
 
            Appellant argues that, when the State made the foregoing statement, it conveyed to the jury
that the defendant could have testified and “straightened things out.” Appellant thus argues that the
foregoing statement was improper jury argument. 
            Proper jury argument must fall within one of four general areas: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel;
and (4) plea for law enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex.Cr.App.2000); McKay
v. State, 707 S.W.2d 23, 36 (Tex.Cr.App.1985). Error occurs when facts not supported by the record
are interjected. McKay v. State, supra at 36. However, such error is not reversible unless, in light
of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory
statute, or injects new facts harmful to the accused into the trial. Jackson v. State, supra at 673;
McKay v. State, supra at 36.
            After reviewing the record in this case, it is clear that the State’s comment was not improper
argument nor was it a comment on appellant’s right to not testify. Appellant asserted throughout the
case that he was not the driver of the vehicle and, therefore, could not be found guilty of the offense. 
The State was answering this argument by noting that appellant could have called the driver to
testify. See Jackson v State, supra at 674. Nothing about the statement was extreme or manifestly
improper. Appellant’s second point of error is overruled.This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
June 16, 2005                                                             JUSTICE
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.