Affirmed and Memorandum Opinion filed November 23, 2005









Affirmed and Memorandum Opinion filed November 23, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00425-CR

NO. 14-04-00426-CR

_______________

 

ROBERT BURROW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause Nos. 983,040 &
983,041

_________________________________________________________

 

M E M O R A N D
O M   O P I N I O N

Appellant, Robert Burrow, appeals his convictions for robbery
and aggravated assault.  In five issues,
appellant claims that (1) the trial court erred by refusing to grant his
request to shuffle the jury venire, (2) the trial court erred by failing to
submit a reasonable-doubt instruction regarding extraneous offenses during the
punishment phase, (3) appellant was denied effective assistance of counsel, (4)
the evidence is legally insufficient, and (5) the evidence is factually
insufficient.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.








I. 
Background

On May 22, 2003, complainant, Donna Robin, stopped at a gas
station in Houston, Texas.  She was
cleaning her windshield when she noticed appellant taking her purse and
briefcase from the front passenger side of her car.  Appellant attempted to flee, but Robin
pursued him.  She threw the squeegee at
appellant=s legs, causing him to trip.  They both fell down and struggled over the
purse and briefcase.  Robin cried for
help, and appellant ran off, leaving the stolen items behind.

Rueben Ramos was making a delivery at the gas station that morning
and saw the struggle.  He pursued
appellant as appellant fled from the scene. 
Ramos caught up with appellant and tackled him.  During the ensuing struggle, appellant pulled
a knife.  Two other people helped Ramos
take the knife away and detain appellant until the police arrived.  A jury found appellant guilty of robbery and
aggravated assault.  Punishment was
assessed at twenty years= confinement for the robbery, and thirty years= confinement for the aggravated
assault. 

II. 
Jury Shuffle

In his first issue, appellant claims that the trial court
erred by refusing to grant his timely request for a jury shuffle.  We agree.  A defendant has an absolute right to have the
jury venire shuffled upon timely demand. Tex.
Code Crim. Proc. Ann. art 35.11 (Vernon Supp. 2005); Williams v.
State, 719 S.W.2d 573, 575 (Tex. Crim. App. 1986).  A motion for jury shuffle is timely if it is
made before the commencement of voir dire. 
Williams, 719 S.W.2d at 575. 
Voir dire begins when the State is recognized by the court and begins
its examination, after the jurors have been qualified and the court has made
its preliminary remarks.  Id. at
577.  Here, the trial court had
introduced the parties and had begun to explain the voir dire process when
appellant made his request to shuffle. 
The State had not yet been recognized, and the venire members had not
yet been questioned.  Accordingly, we
find that appellant=s motion was timely made, and the trial court erred by
denying the motion.








We will reverse a trial court=s improper denial of a motion to
shuffle the jury only if we find that appellant was harmed by the error.  Ford v. State, 73 S.W.3d 923, 924B25 (Tex. Crim. App. 2002).  The right to a jury shuffle is statutory, not
constitutional.  Id. at 924; Tex. Code Crim. Proc. Ann. art
35.11.  Harm is caused by nonconstitutional
error if one of the defendant=s substantial rights was affected.  Ford, 73 S.W.3d at 924B25. 
However, in Ford, the Court of Criminal Appeals held that a harm
analysis  focusing on the outcome of a
case is Anot quite apt in the context of a
case in which the jury itself is the object of the error.@ 
Id. at 926.  The relevant
inquiry is therefore Awhether the jury shuffle statute=s purpose was thwarted by the error.@ 
Id.  








Here, the trial court erred by denying appellant the
opportunity to use the jury shuffle as a strategical tool.  See Wilkerson v. State, 681 S.W.2d 29,
30 (Tex. Crim. App. 1984) (holding that denying a defendant his right to a jury
shuffle after the trial court shuffled the jury panel sua sponte would Athwart the very intent behind the
passage of the statute@); Roberts v. State, 139 S.W.3d 1, 2 (Tex. App.CTyler 2003, pet. ref=d) (noting that trial court=s erroneous sua sponte shuffle Adeprived Appellant of a tactical
advantage@). 
However, the purpose of a jury venire shuffle is to ensure compilation
of a random list of jurors.  Ford,
73 S.W.3d at 926.  When the venire panel
is assembled in random order, a trial court=s erroneous denial of a demand to
shuffle does not militate the conclusion that the listing was nonrandom. Id.  Appellant does not point to, and we do
not find, any indication in the record that the listing of the panel members
was not random.  Indeed, when the judge
asked whether there were any objections to the jury as seated, counsel for
appellant replied that he had no objections.[1]  In the absence of any indication that the
process of assembling the jury panel was subverted in some way to achieve a
nonrandom listing, we find that, under Ford, no harm was shown.  See id. 
Accordingly, appellant=s first issue is overruled.

III. 
Reasonable Doubt Instruction 

In his second issue, appellant contends that the trial court
erred by omitting a reasonable doubt instruction for extraneous offenses during
the punishment phase.  The State may
offer punishment phase evidence as to any matter the court deems relevant to
sentencing, including evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt to have been committed by the defendant.  Tex.
Code Crim. Proc. Ann. art. 37.07 ' 3(a) (Vernon Supp. 2004).  When evidence of extraneous offenses or bad
acts is admitted during the punishment phase, the trial court is required to
instruct the jury sua sponte on the reasonable doubt standard of proof.  Huizar v. State, 12 S.W.3d 479, 482B84 (Tex. Crim. App. 2000).

Here, the State introduced evidence implicating appellant in
two purse-snatching incidents that occurred earlier in the same area on the
same day.  The trial court failed to
instruct the jury on the State=s burden of proof under article 37.07.  Accordingly, we hold the trial court erred by
failing to give the required instruction. See Huizar, 12 S.W.3d at 484. 








However, appellant did not request the instruction, nor did
he object to the trial court=s omission.  In the
absence of a request or objection, jury charge error does not require reversal
unless Aegregious harm@ is found. Id. at 484B85; Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984), overruled on other grounds,
Rodriguez v. State, 758 S.W.2d 787 (Tex. Crim. App. 1988).  Egregious harm exists when an error is so
great that it deprives the defendant of a fair and impartial trial.  Almanza, 686 S.W.2d at 171.  This degree of harm can be found when an
error affects the very basis of a case, deprives the defendant of a valuable
right, vitally affects a defense theory, or makes the case for punishment
clearly and significantly more persuasive. 
Mathews v. State, 999 S.W.2d 563, 565 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
The reviewing court must determine the actual harm in light of the
entire jury charge, the state of the evidence, including contested issues and
weight of probative evidence, the argument of counsel, and any other relevant
information revealed by the record.  Almanza, 686 S.W.2d at 171. 

The State presented evidence that a 73-year old woman had
been the victim of a theft approximately one hour before the gas station
robbery.  The perpetrator of the
described theft exited a Volkswagen Passat,[2]
and items from the woman=s purse were found at the gas station.  The victim was not able to identify appellant
as the assailant.

The State provided further evidence that approximately one
hour before the gas station robbery, someone attempted to steal another woman=s purse in the same area. Again, a
Volkswagen Passat was used during commission of the crime, but the victim
stated that appellant was not the person who took her purse, and she could not
identify appellant as the driver of the Passat.

Appellant denied any involvement in the other two
offenses.  Appellant also claimed that he
did not know the man in the Passat but, instead, had accepted a ride from him
immediately before the gas station robbery. 
However, appellant did not contest the fact that items from a victim=s purse were found on the ground near
where he and the complainant had struggled. 
Further, a detective testified that although there was not enough
evidence to charge appellant with the other two offenses, he believed appellant
was involved. 








After reviewing this evidence and the record as a whole, we
conclude that appellant did not suffer egregious harm by the trial court=s failure to supply a reasonable
doubt instruction during the punishment phase. 
The State provided substantial circumstantial evidence from which a jury
could have concluded beyond a reasonable doubt that appellant committed the
extraneous offenses.  In addition,
although the prosecutor referenced the extraneous offense evidence at the end
of her closing argument and suggested appellant was on a Arobbery spree,@ the primary focus of her argument
was on appellant=s prior criminal convictions and the multiple excuses he gave
for his behavior.  See Allen v. State,
47 S.W.3d 47, 51B53 (Tex. App.CFort Worth 2001, pet. ref=d) (finding no egregious harm based
on the totality of the evidence and notwithstanding the State=s use of extraneous offenses in
punishment argument).

Moreover, the range of punishment for both the aggravated
assault and the robbery was confinement from 5 to 99 years or life.  See Tex.
Penal Code Ann. '' 12.32, 12.42(b), 22.02(b), 29.02(b) (Vernon 2003 & Supp.
2005).  The jury=s punishment assessment, twenty years
for the robbery and thirty years for the aggravated assault, fell at the lower
end of the range of punishment.  See
Tabor v. State, 88 S.W.3d 783, 789 (Tex. App.CTyler 2002, no pet.) (finding no
egregious harm when sentence was Awell-within@ the punishment range for the
offense).  Therefore, we can not conclude
that appellant was egregiously harmed. 
Appellant=s second issue is overruled.

III.  Ineffective Assistance of Counsel

In his third issue, appellant contends that he was denied
effective-assistance-of-counsel because his attorney failed to object to the
trial court=s omission of the reasonable-doubt
instruction during the punishment phase.  In evaluating an
ineffective-assistance-of-counsel claim, we apply a two-prong test.  Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986).  First, we must determine whether
the attorney=s performance was deficient, i.e.,
that the performance fell below an objective standard of reasonableness under
the prevailing professional norms.  Strickland,
466 U.S. at 687B88.  If we find the
attorney=s performance deficient under the
first prong, then we must determine whether the deficient performance
prejudiced the defense to such a degree that the defendant was deprived of a
fair trial.  Id. at 687.








An isolated instance of failure to object does not
necessarily render counsel ineffective.  Johnson
v. State, 629 S.W.2d 731, 736 (Tex. Crim. App. 1981); see Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (AAn appellate court should be
especially hesitant to declare counsel ineffective based on a single alleged
miscalculation during what amounts to otherwise satisfactory representation,
especially when the record provides no discernible explanation of the
motivation behind counsel=s actionsCwhether those actions were of strategic design or the result
of negligent conduct.@).  Here, the record as
a whole reflects that appellant was afforded reasonably effective assistance of
counsel. There is no evidence on record indicating the strategy appellant=s attorney employed at trial, and
appellant does not point to any other instance which would tend to show that
the attorney=s performance was deficient.  Accordingly, appellant has not overcome the
strong presumption that the attorney=s decision fell within the wide range
of reasonable professional assistance.  See
Thompson, 9 S.W.3d at 814; Huizar v. State, 29 S.W.3d 249, 251 (Tex.
App.CSan Antonio 2000, pet. ref=d.) (finding ineffective assistance
claim based on counsel=s failure to request reasonable doubt instruction during
punishment a Amoot consideration@ after Thompson).

Even if counsel=s performance were deficient under
the first prong, appellant was not deprived of a fair and impartial trial.  As previously discussed, we find no Areasonable probability@ that the result of the proceedings
would have been different if the jury had received the reasonable-doubt
instruction.  Appellant=s third issue is overruled.

IV. 
Legal and Factual Sufficiency of the Evidence








In appellant=s fourth and fifth issues, he challenges the legal and
factual sufficiency of the evidence to support his conviction for robbery.  In reviewing the evidence for legal
sufficiency, we must view all evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App.
2005).  We must resolve any inconsistencies
in the testimony in favor of the verdict. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

In reviewing the evidence for factual sufficiency, we must
view all of the evidence in a neutral light, and must set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence may be factually insufficient if the
evidence supporting the verdict alone is too weak to justify a finding of guilt
beyond a reasonable doubt, or when contrary evidence is so strong that it would
prevent a reasonable jury from finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).

A person commits robbery if, in the course of committing
theft, he intentionally, knowingly, or recklessly causes bodily injury to
another.  Tex. Penal Code Ann. ' 29.02(a)(1) (Vernon 2003).  ABodily injury@ is defined as Aphysical pain, illness, or any
impairment of physical condition.@ 
Tex. Penal Code Ann. ' 1.07(a)(8) (Vernon Supp. 2005).  Appellant contends that there was
insufficient evidence to support the jury=s finding that appellant caused
bodily injury.

At trial, the complainant testified that appellant was
pushing her arm and pushing her away while he was pulling on her purse to try
to get it back from her.  She also
testified that although she did not have to see a doctor and it was Anothing major at all,@ her arm was sore, her ankle was
bruised, and the injuries caused her Aregular pain.@








Viewing all evidence and resolving all inconsistencies in
favor of the verdict, we find the complainant=s testimony legally sufficient to
support the jury=s finding that appellant caused bodily injury as defined by
the Texas Penal Code.  See Lane v.
State, 763 S.W.2d 785, 786B87 (Tex. Crim. App. 1989) (holding evidence legally
sufficient to prove bodily injury during the commission of a theft when
appellant caused a bruise by twisting wallet out of victim=s hands); Lewis v. State, 530
S.W.2d 117, 118 (Tex. Crim. App. 1975) (holding evidence of bodily injury
legally sufficient when appellant caused a small bruise by twisting the victim=s arm back as he tried to take her
briefcase).  Appellant=s fourth issue is overruled.

Viewing the evidence in a neutral light, we also find the
evidence factually sufficient.  Although
the offense report indicated that the complainant was Aunharmed@ by the incident, and a police
officer testified that she told him she Adid not feel that she injured,@ the record also indicates that she
was not asked whether she felt any physical pain at that time.  A rational jury could have interpreted the
complainant=s statement as an indication that she
was not seriously injured, but concluded beyond a reasonable doubt from her
testimony that she sustained physical pain that amounted to Abodily injury.@ We are not free to reweigh the
evidence and substitute our interpretation for that of the fact finder.  Santellan v. State, 939 S.W.2d 155,
164B65 (Tex. Crim. App. 1997).  Accordingly, appellant=s fifth issue is overruled.  

The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed November 23, 2005.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The State
argues that appellant=s statement that he had no objection to the jurors as
seated waives any error on appeal. 
However, the State cites cases in which a pretrial motion to suppress
was overruled and the defendant affirmatively asserted that he had no objection
when the evidence was offered at trial.  See,
e.g., Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). The State
does not cite, and we have not found, any cases addressing waiver in the
context of the defendant=s absolute statutory right to a jury shuffle.  Because the record reflects both the
appellant=s timely request for the shuffle and the court=s denial of that request, we find that error was
sufficiently preserved.  See Tex. R. App. P. 33.1(a).  Appellant=s
subsequent response that he had no objection to the jury as seated is, however,
relevant to the harm analysis.





[2]  During
guilt-innocence, the State presented evidence that a Volkswagen Passat was in
the parking lot of the gas station during the offense in question, and that
appellant appeared to know someone in the Passat.