

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00127-CR
_____

JOSHUA LEE BOLTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2016F0005

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In Cass County, Texas, Joshua Lee Bolton was convicted of aggravated sexual assault of a child and two counts of indecency with a child by contact, receiving a fifty-year sentence for the sexual assault and ten-year sentences for each indecency conviction.

Here, Bolton appeals from his conviction for aggravated sexual assault of a child.[1] In a single point of error, he argues that the trial court erred by denying his motion to shuffle the jury panel and by reordering an unshuffled juror.

Because we find the trial court's failure to properly shuffle the jury harmless, we affirm the trial court's judgment.

I.      Factual and Procedural Background

Bolton was at Rose's[2] house on November 22, 2015. He was a family friend, and she had asked him to help her winterize the home. That evening, because the work was not yet finished and the weather had worsened, Rose asked Bolton to stay the night. At Rose's invitation, he spent the next three nights there, from November 22, 2015, through November 24, 2015. Also staying in Rose's house those three nights were Rose's daughter, Darla, and her great-grandchildren, Waylon and Paul.

On November 25, Holly, Rose's granddaughter and mother of Waylon and Paul, picked the kids up from Rose's house. After returning home, Paul told his mother that Bolton had sexually

---

[1]In companion cases 06-17-00128-CR and 06-17-00129-CR, Bolton appeals from his convictions for indecency with a child by contact.

[2]In order to protect the privacy of the child victim, we refer to him by the pseudonym Paul and to his grandmother, mother, and brother by first name only. *See* TEX. R. APP. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

assaulted him while he was at his great-grandmother's house.  Holly reported the incident to the police, who came by and took her statement the next day.  On December 2, 2015, Paul was forensically interviewed at the Texarkana Children's Advocacy Center where he told forensic interviewer, Melanie Halbrook, that he was sexually assaulted by Bolton on the nights of November 23 and 24.  Bolton was subsequently arrested and charged with one count of sexual assault of a child and two counts of indecency with a child by contact.

Bolton pled not guilty, and the case proceeded to jury trial where more than a dozen witnesses testified, including Paul and Bolton.  After hearing the testimony, seeing the exhibits, and considering the arguments of counsel, the jury returned a verdict of guilty on all three charges.  Bolton was sentenced to fifty years in prison for the sexual assault and ten years in prison for each of the indecency convictions.  Bolton filed this appeal.

## II.     Was the Jury Panel Properly Shuffled?

In his sole point of error, Bolton contends that the trial court erred by denying his motion to shuffle the jury panel and by reordering an unshuffled juror.

Here, after the panel had been qualified, but prior to voir dire, the State requested a jury shuffle pursuant to Article 35.11 of the Texas Code of Criminal Procedure.  Sixty-eight of the sixty-nine panel members were shuffled; one panel member, Charlotte Flagg, was not included in the shuffle.  The trial court placed Flagg at the end of the shuffled panel as "Juror No. 69."  Bolton objected to the panel and requested "that the shuffle be done correctly including all" of the panel members.  The State opposed Bolton's request, arguing that the panel had already been shuffled once and placing Flagg at the end of the panel as Juror No. 69 was still random.  Cass County

District Clerk Jamie Albertson testified that Flagg's name was left out of the jury shuffle "due to a computer error." The trial court denied Bolton's request, and the parties proceeded with voir dire.

Upon request by either the State or the defendant, there is an absolute right to have the jury venire shuffled upon timely demand. TEX. CODE CRIM. PROC. ANN. art 35.11 (West 2006); *Williams v. State*, 719 S.W.2d 573, 575 (Tex. Crim. App. 1986). "A shuffle has the effect of randomly reordering the names of prospective jurors on the jury list." *Montez v. State*, 975 S.W.2d 370, 371 (Tex. App.—Dallas 1998, no pet.). A motion for jury shuffle is timely if it is made before the commencement of voir dire. *Williams*, 719 S.W.2d at 575. "[A]bsent a showing of misconduct, only one shuffle is authorized under [Article] 35.11." *Chappell v. State*, 850 S.W.2d 508, 513 (Tex. Crim. App. 1993). We find that the trial court erred in denying Bolton's request for a shuffle because the partial shuffle performed pursuant to the State's request failed to comply with Article 35.11 as it did not include all members of the panel.

Because the right to a jury shuffle is statutory rather than constitutional, we will reverse a trial court's improper denial of a motion to shuffle the jury only if we find that appellant was harmed by the error. TEX. CODE CRIM. PROC. ANN. art. 35.11; *Ford v. State*, 73 S.W.3d 923, 924–25 (Tex. Crim. App. 2002). Harm is caused by nonconstitutional error if one of the defendant's substantial rights was affected. *Ford*, 73 S.W.3d at 924–25. Therefore, the relevant inquiry in determining harm is "whether the jury shuffle statute's purpose was thwarted by the error." *Id*. at 926. Because the purpose of the jury shuffle statute is to "ensure that the members of the venire

4

[were] listed in random order," harm will be shown by an indication that the venire was not listed in a random order. *Id.*

"The applicable rules and statutes already require that panels be listed randomly from the outset." *Id.* Thus, "[b]ecause the law requires that venire panels be assembled in random order, a trial judge's failure to order a shuffle does not, by itself, indicate a nonrandom listing of the venire." *Id.* In *Ford*, the court held the trial court's failure to shuffle the panel harmless because (1) nothing in the record indicated that the statutes or rules by which the initial panel was drawn were disregarded; (2) "the panel was not reordered after being assembled"; and (3) there was no indication "that the process of assembling a jury panel was subverted in some fashion to achieve a nonrandom listing of the venire." *Id.*

Here, as in *Ford*, nothing in the record indicates that the statutes or rules were disregarded, and, therefore, we must assume the initial panel was assembled in random order. *See id.* After being assembled, the venire in this case was reordered, as every member of the venire panel except Flagg was shuffled and reordered, with the trial court then arbitrarily numbering Flagg as Juror No. 69. The jury was chosen from that reordered panel. Even though this is an indication that the veniremembers were not listed in a random order,[3] we find that this does not amount to harm in this case because the sixty-eight randomly shuffled jurors constituted "a sufficient number of jurors from which a jury may be selected," there is no right to have any particular person on the jury, and

---

[3]There is an indication that the venire members were not listed in a random order because Flagg was not randomly chosen to be Juror 69; at the time of the shuffle, Flagg had no chance of being, for example, Juror No. 1, No. 2, No. 3, etc.; and none of the sixty-eight members of the panel included in the shuffle had any chance of being Juror No. 69.

Bolton has failed to show that he was deprived of a qualified and lawfully constituted jury.[4]  *See*

TEX. CODE CRIM. PROC. ANN. art 35.11; *Ford*, 73 S.W.3d at 926; *Jones v. State*, 982 S.W.2d 386,

393–94 (Tex. Crim. App. 1998).  Accordingly, we overrule this point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:    March 13, 2018
Date Decided:      March 23, 2018

Do Not Publish

---

[4]A trial court's error under the jury shuffle statute is harmful only if the record "indicate[s] a nonrandom listing of the venire."  *Ford*, 73 S.W.3d at 926.

6